AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Dannys Daniel SJOGREEN-GUTIERREZ,<br>and<br>Everett Marvin PATTON,<br>*Defendant(s)* | )<br>)<br>)  Case No.  13-8271-WM<br>)<br>)<br>) |

FILED by _____ D.C.
MAY 2 9 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of MAY 28, 2013 AND ~~March 28, 2013~~ ARD (WM) in the county of Palm Beach in the
Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 USC §846 | Conspiracy to PWID over 500 grams of cocaine (both Defedants) |
| Title 21 USC §841(a)(1) | PWID over 500 grams of cocaine (SJOGREEN-GUTIERREZ) |
| Title21 USC §841(a)(1) | Attempted PWID over 500 grams of cocaine (PATTON) |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Anderson Sullivan, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 29, 2013

_____
*Judge's signature*

City and state:   West Palm Beach, Florida     William Matthewman, Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Your affiant, Anderson B. Sullivan, first being duly sworn, does hereby depose and state as follows:

**INTRODUCTION**

1. I, Anderson B. Sullivan, am a Special Agent of the United States Homeland Security Investigations (HSI) and am currently assigned to the Office of the Assistant Special Agent in Charge, West Palm Beach, Florida. I have been a HSI Special Agent since June, 2007. Prior to being a HSI Special Agent, I served as a Marine Interdiction Agent with United States Customs and Border Protection and as a Marine Enforcement Officer of the former United States Customs Service for approximately five years. After being hired as a Marine Enforcement Officer in 2002, I received training at the United States Customs Service Academy. In 2007, as a Special Agent, I received further training at the United States Immigration and Customs Enforcement Academy. At both of these academies I was trained in the legal principles and statutes representing criminal, civil, and administrative violations of the United States Code as enumerated in Titles 8, 18, 19, 21, 31, and 46. As a HSI Special Agent, my duties and responsibilities include conducting criminal investigations of individuals and businesses who have violated federal laws, particularly those laws as found in Titles 8, 18, 19 and 21 of the United States Code. I have obtained experience from numerous investigations involving federal maritime law violations, narcotics smuggling, immigration smuggling, and violations of other Customs and Immigration laws. In total, I have about 11 years of civilian federal law enforcement experience.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to secure an arrest warrant charging that Everett Marvin PATTON, YOB 1974, and Dannys Daniel SJOGREEN-Gutierrez, YOB 1978, knowingly and willfully conspiring to possess with intent to distribute over 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B). Your affiant further submits that probable cause exists to

1

charge Dannys Daniel SJOGREEN-Gutierrez with knowingly and willfully possessing with intent to distribute over of 500 grams of a mixture and substance containing a detectable amount of cocaine the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), within the Southern District of Florida, and Everett Marvin PATTON with knowingly and willfully attempting to possess with intent to distribute over of 500 grams of a mixture and substance containing a detectable amount of cocaine the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), within the Southern District of Florida.

**FACTS IN SUPPORT OF PROBABLE CAUSE**

3. From about November, 2011, thru May, 2013, SJOGREEN-Gutierrez was employed as a crewmember on board the cruise ship *Bahamas Celebration*. On May 28, 2013, the *Bahamas Celebration* was moored at the Port of Palm Beach, in the Southern District of Florida.

4. On May 28, 2013, *Bahamas Celebration* security personnel were performing routine pat down searches of crewmembers that were attempting to debark the *Bahamas Celebration*. *Bahamas Celebration* security personnel patted down SJOGREEN-Gutierrez and discovered two bricks of a white powdery substance that was later field tested and determined to cocaine. The two bricks appeared to be approximately 1 kilogram. *Bahamas Celebration* security personnel removed the cocaine from SJOGREEN-Gutierrez and turned the cocaine and SJOGREEN-Gutierrez over to U.S. Customs and Border Protection (CBP) Officers at the Port of Palm Beach.

5. Following SJOGREEN-Gutierrez's detention by CBP officers, Homeland Security Investigations (HSI) Special Agents advised SJOGREEN-Gutierrez of his Miranda warnings and SJOGREEN-Gutierrez advised that he understood his rights. SJOGREEN-Gutierrez stated that he speaks and reads English and can write a little bit of English. SJOGREEN-Gutierrez waived his Miranda rights and proceeded to answer questions.

6. Post MIRANDA, SJOGREEN-Gutierrez stated that on or about May 27, 2013, SJOGREEN-Gutierrez met with an individual in Freeport, Bahamas, and received the cocaine that was discovered on his person by the *Bahamas Celebration* security personnel. SJOGREEN-Gutierrez stated that he was supposed to deliver the cocaine to an individual in Florida, later determined by agents to be PATTON, upon the *Bahamas*

*Celebration's* return to the Port of Palm Beach. SJOGREEN-Gutierrez also received a 561 telephone number for PATTON from the cocaine source of supply in Freeport, Bahamas. SJOGREEN-Gutierrez was supposed to call the 561 telephone and make arrangements with PATTON to drop off the cocaine. SJOGREEN-Gutierrez stated that he was supposed to be paid $2,500.00 for delivering the cocaine.

7. Upon arrival at the Port of Palm Beach, SJOGREEN-Gutierrez attempted to call PATTON but the call did not go through. SJOGREEN-Gutierrez then sent a text message to the cocaine source of supply in Freeport, Bahamas, and asked for a new number for PATTON. Shortly thereafter, PATTON called SJOGREEN-Gutierrez from a different number.

8. According to SJOGREEN-Gutierrez, SJOGREEN-Gutierrez and PATTON had previously agreed to meet at a gas station in Riviera Beach, Florida. SJOGREEN-Gutierrez also told PATTON what he was wearing so PATTON could properly identify him.

9. While in CBP / HSI custody SJOGREEN-Gutierrez's phone received several missed calls from PATTON.

10. While under the supervision and advisement of the HSI Special Agents, SJOGREEN-Gutierrez made a controlled call to PATTON to reschedule their meeting. SJOGREEN-Gutierrez made another controlled call to PATTON to update his status.

11. HSI Special Agents provided SJOGREEN-Gutierrez a brick of sham cocaine in lieu of the real cocaine. While under constant surveillance, SJOGREEN-Gutierrez was directed by agents to deliver the brick of sham cocaine to PATTON as previously arranged.

12. Agents observed SJOGREEN-Gutierrez arrive at gas station in Riviera Beach, Florida and meet with PATTON. The gas station located approximately one (1) mile north of the Port of Palm Beach. PATTON drove up in a gray Toyota Camry, which was later determined to be registered to PATTON's sister. According SJOGREEN-Gutierrez, PATTON gestured to SJOGREEN-Gutierrez to come over to the Toyota and said, "What's up?" Agents observed SJOGREEN-Gutierrez get inside of the Toyota Camry.

13. According to SJOGREEN-Gutierrez, upon entering the Toyota, SJOGREEN-Gutierrez removed the brick of sham from his waistband and placed it on PATTON'S thigh.

3

      SJOGREEN-Gutierrez stated that PATTON then grabbed the brick of sham and then brought it closer to his body and rested the brick in his lap.

14. At that time, agents stopped the vehicle and took SJOGREEN-Gutierrez and PATTON into custody. After PATTON and SJOGREEN-Gutierrez were removed from the car agents observed the brick of the sham resting on the center console and the driver's seat.

## CONCLUSION

15. Based on the foregoing, your affiant respectively submits that probable cause exists to charge Everett Marvin PATTON, YOB 1974, and Dannys Daniel SJOGREEN-Gutierrez, YOB 1978, with knowingly and willfully conspire to possess with intent to distribute over of 500 grams of a mixture and substance containing a detectable amount of cocaine the same, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B), within the Southern District of Florida. Your affiant further submits that probable cause exists to charge Dannys Daniel SJOGREEN-Gutierrez with knowingly and willfully possessing with intent to distribute over of 500 grams of a mixture and substance containing a detectable amount of cocaine the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), within the Southern District of Florida, and Everett Marvin PATTON with knowingly and willfully attempting to possess with intent to distribute over of 500 grams of a mixture and substance containing a detectable amount of cocaine the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), within the Southern District of Florida.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Special Agent Anderson B. Sullivan
Homeland Security Investigations

Sworn and subscribed to before me this
29th day of May, 2013.

_____
WILLIAM MATTHEWMAN
U.S. Magistrate Judge
Southern District of Florida

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>DANNYS DANIEL SJOGREEN-GUITERREZ</u>

**Case No**: <u>13-8271-WM</u>

Counts : 1

<u>21 U.S.C. § 846</u>
<u>Conspiracy to PWID over 500 grams of cocaine.</u>

**\* Max. Penalty**: Minimum 5 Years to 40 Years Imprisonment; $5,000,000 Fine; 5 Years Supervised Release

Counts : 2

<u>21 USC § 841</u>
<u>PWID over 500 grams of cocaine.</u>

**\* Max. Penalty**: Minimum 5 Years to 40 Years Imprisonment; $5,000,000 Fine; 5 Years Supervised Release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>EVERETT MARVIN PATTON</u>

**Case No**: <u>13-8271-WM</u>

Counts : 1

<u>21 U.S.C. § 846</u>
<u>Conspiracy to PWID over 500 grams of cocaine.</u>

**\* Max. Penalty**: Minimum 5 Years to 40 Years Imprisonment; $5,000,000 Fine; 5 Years Supervised Release

Counts : 2

<u>21 USC § 841</u>
<u>Attempt to PWID over 500 grams of cocaine.</u>

**\* Max. Penalty**: Minimum 5 Years to 40 Years Imprisonment; $5,000,000 Fine; 5 Years Supervised Release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Case 9:13-mj-08271-WM   Document 1   Entered on FLSD Docket 05/29/2013   Page 8 of 10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 13-8271-WM

### BOND RECOMMENDATION

DEFENDANT: DANNYS DANIEL SJOGREEN-GUITERREZ

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   AURORA FAGAN

Last Known Address: Palm Beach County Jail

What Facility:

Agent(s):   HSI S/A Anderson Sullivan
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 13-8271-WM

### BOND RECOMMENDATION

DEFENDANT: EVERETT MARVIN PATTON

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   AURORA FAGAN

Last Known Address: Palm Beach County Jail

What Facility:

Agent(s):   HSI S/A Anderson Sullivan
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. __13-8271-WM__

UNITED STATES OF AMERICA

vs.

DANNYS DANIEL SJOGREEN-GUITERREZ and
EVERETT MARVIN PATTON

Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
AURORA FAGAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 0188591
500 S. Australian Ave, Ste. 400
West Palm Beach, Florida 33401
TEL (561) 820-8711
FAX (561) 820-8777